UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 14-153-HRW

DIVERSICARE LEASING CORP. d/b/a
ELLIOT NURSING & REHABILITATION CENTER;
OMEGA HEALTHCARE INVESTORS, INC.;
DIVERSICARE HEALTHCARE SERVICES, INC.;
ADVOCAT ANCILLARY SERVICES, INC.;
ADVOCAT FINANCE, INC; and
DIVERSICARE MANAGEMENT SERVICES, CO,                    PLAINTIFFS

v.                    <u>**MEMORANDUM OPINION AND ORDER**</u>

REBEKAH JOHNSTON,
Executor of the Estate of Lucien Reed,                    DEFENDANT

This matter is before the Court upon Defendant's Motion to Dismiss [Docket No. 6] and Plaintiffs' Motion to Enforce Arbitration Agreement and Enjoin Defendant [Docket No. 10]. The motions have been fully briefed by the parties and for the reasons set forth herein, the Court finds that dismissal is not warranted and that the arbitration agreement which forms the basis of this lawsuit must be honored.

## I.

In their Complaint, Plaintiffs allege that in September 2012, Lucien Reed was admitted to the Elliot Nursing & Rehabilitation Center, a nursing home located in Sandy Hook, Kentucky. [Docket No. 1, ¶ 14]. They further allege that as part of the admissions process, Mr. Reed signed an Arbitration Agreement, a copy of which is attached to the Complaint as "Exhibit A."

The Arbitration Agreement, conspicuously titled in bold print, provides, in pertinent part:

> [A]ny legal dispute, controversy, demand, or claim that arises out of or relates to the Resident Admission Agreement or is in any way connected to the Resident's stay at the Facility **shall be resolved exclusively by binding Arbitration** and not by a lawsuit or resort to other legal process . . . . This agreement to arbitrate shall include, but is not limited to, any claim for payments, non-payment, or refund for services rendered to the Resident by the Facility, claims arising out of State or Federal law, claims based upon breach of contract, breach of fiduciary duty, violation of rights, fraud or misrepresentation, common law or statutory negligence, gross negligence, malpractice or any other claim based on any departure from accepted standards of medical or nursing care, whether such claims be for statutory, compensatory, or punitive damages, and whether arising in the future or presently existing.

[Docket No. 1-1, p. 1-2](emphasis added).

The Arbitration Agreement further provides that: "This agreement shall inure to the benefit of and be binding upon the Parties and their successors and assigns, including the Facility's parents, agents, employees, servants, officers, directors, shareholders, medical directors, attorneys, insurers, or affiliated business entities, and any and all persons whose claim is derived from or on behalf of the Resident, including his or her agents, guardian, power of attorney, parent, spouse, child, executor, administrator, legal representative, heirs, trustees, or insurers."  *Id.*

Lucien Reed remained a resident of the Elliot Nursing & Rehabilitation Center until his death on August 16, 2013.

On September 14, 2014, Rebekah Johnston, in her capacity as the Executor of the Estate of Lucien Reed, filed in the Circuit Court of Elliott County, Kentucky, Case No. 14-CI-00058, a negligence, medical negligence, corporate negligence, violation of long term care resident's rights, and wrongful death action against Diversicare Leasing Corp. d/b/a Elliott Nursing & Rehabilitation Center; Omega Healthcare Investors, Inc.; Diversicare Healthcare Services, Inc. f/k/a Advocat, Inc.; Advocat Ancillary Services, Inc.; Advocat Finance, Inc.; Diversicare Management Services

2

Company; and Rachelle Stevens, in her capacity as Administrator of Elliott Nursing & Rehabilitation Center. A copy of the Complaint is attached to the Complaint as "Exhibit B."

Thereafter, Diversicare Leasing Corp. d/b/a Elliott Nursing & Rehabilitation Center; Omega Healthcare Investors, Inc.; Diversicare Healthcare Services, Inc.; Advocat Ancillary Services, Inc.; Advocat Finance, Inc.; and Diversicare Management Services Co. filed the instant action, as Plaintiffs, alleging federal subject matter jurisdiction by virtue of diversity and seeking a declaration that the Arbitration ADR Agreement to be valid and enforceable, to compel Defendant to arbitrate her claims and to enter an order enjoining the Defendant from pursuing her claims in the Elliot Circuit Court.

Defendant seeks a dismissal of the instant lawsuit. She contends that this Court lacks subject-matter jurisdiction; that it should abstain from hearing this action in light of the pending state-court matter; that the arbitration agreement at issue is invalid and unenforceable; and that the Court should not exercise its power to enjoin her from continuing the prosecution of the state court action.

Plaintiffs seek entry of an Order compelling Defendant to proceed to arbitration and, in addition, enjoining him from pursing his claims in state court.

## II.

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6), is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). This requires a consideration of and a ruling upon the merits of a claim. In determining whether dismissal is warranted under Rule 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its

3

allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). If, in doing so, the Court determines that the case is legally insufficient, it will be dismissed.

The procedure under a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1) is quite different.   At issue in a Rule 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case.   In this context, the  trial court may proceed as it never could under 12(b)(6) -  no presumptive truthfulness attaches to either party's allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the party claiming jurisdiction will have the burden of proof that jurisdiction does in fact exist. *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1134 (6th Cor. 1996)(internal citations omitted).

## III.

### A.    Subject matter jurisdiction exists.

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is inflexible and without exception.' " *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884). Federal courts are courts of limited jurisdiction, and subject matter jurisdiction may be obtained only with the existence of diverse parties or a federal question. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir.2010); 28 U.S.C. §§ 1331, 1332.

Neither party asserts the existence of a federal question. Rather, the disputed question is that of diversity. 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States,"

Defendant has not challenged the allegations in Plaintiffs' Complaint concerning the citizenship of the named Plaintiffs in this action. Indeed, Defendant has already pled in the appurtenant state court action that each of the named Plaintiffs in this action are citizens of another state. Neither has Defendant challenged that the amount in controversy fails to meet the jurisdictional requirements of 28 U.S.C. § 1332. Rather, she contends that complete diversity of citizenship among the parties cannot be established because Rachelle Stevens, the nursing home administrator named in her state complaint, but not in the instant matter, is a Kentucky citizen and an indispensable party under Fed.R.Civ.P. 19. She maintains that her joinder would destroy the complete diversity among parties required by 28 U.S.C. 1332(a)(1).

Yet, this Court and other courts within this District have consistently held that the nursing home administrators are not indispensable per Rule 19. As the undersigned explained in *GGNCS v. Hanley*, 2014 WL 1333204 (E.D. Ky. 2014), Rule 19 deals with what were historically known as "necessary" and "indispensable" parties. The terms "necessary" and "indispensable" are terms of art in jurisprudence concerning Rule 19, and "necessary" refers to a party who should be joined if feasible, while "indispensable" refers to a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed. If a necessary party cannot be joined without divesting the court of subject-matter jurisdiction, the Rule provides additional criteria for determining whether that party is indispensable, but if the court finds that the party is anything less than indispensable, the case proceeds without that party, and if, on the other hand, the court finds that the litigation cannot

5

proceed in the party's absence, the court must dismiss the case.

The first step in determining whether Ms. Stevens is  indispensable is to determine whether

She is "necessary". A party is deemed necessary under the Rule if:

> (A) in that person's absence, complete relief cannot be accorded among those already parties; or
>
> (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>
> (I) as a practical matter, impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19.


Defendant's claims against Ms. Stevens and the Plaintiffs in this case are based on the same

occurrence, to-wit, the alleged negligence that resulted in injury to Lucien Reed.  Further, the

arbitration agreement governs claims against the corporate parties as well as the administrators.

Moreover, if this Court and the state court were to reach different conclusions regarding whether

the arbitration agreement is enforceable, Ms. Stevens would face inconsistent procedural

remedies. Accordingly, the Court concludes that the administrators are necessary party to the

action.

However, that is not the end of the inquiry as it pertains to the existence of subject matter

jurisdiction in this case. As the joinder of Ms. Stevens would destroy diversity jurisdiction, the

6

Court must also determine whether she is "indispensable." To do so, this Court must balance the following factors: (1) the extent to which a judgment rendered in their absence might prejudice them or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in their absence would be adequate; and (4) whether Plaintiffs would have an adequate remedy if the action were dismissed for non-joinder. Fed.R.Civ.P. 19(b).

Defendant argues that she will not be afforded complete relief in the absence of Ms. Stevens in this action. She asserts that she will be unduly and unnecessarily prejudiced by either a grant of jurisdiction by this Court or by being subjected to arbitration with just the named Plaintiffs, and that such a result would result in duplication of proceedings. The Court will address each of these arguments in turn.

First, the duplication of proceedings in these circumstances is not a disqualifying factor. The Sixth Circuit has rejected of this line of argument in a factually similar case addressing joinder: "[T]he possibility of having to proceed simultaneously in both state and federal court," or in two separate arbitrations for that matter, "is a direct result of [Johnston's] decision to file a suit naming [Diversicare and Ms. Stevens] in state court rather than to demand arbitration under the [arbitration agreement]." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 202 (2001). Moreover, "the possibility of piecemeal litigation is a necessary and inevitable consequence of the FAA's policy that strongly favors arbitration." *Id.* The Court considers that there is low risk that the state court will reach an inconsistent outcome regarding the subject arbitration agreement as it relates to any party. Even assuming such risk, however, this is not the degree of prejudice required to conclude

7

an absent party is indispensable. *Id.* at 203. Determining whether the dispute as it relates to Diversicare is subject to arbitration is a simple matter of contract interpretation and does not require Ms. Stevens' presence or input. *Id.* The prejudice Defendant fears does not present the degree of prejudice necessary to support a conclusion that the administrators are an indispensable party. Furthermore, "[w]here the risk of prejudice is minimal, the Court need not consider how protective provisions in the judgment, the shaping of relief, or other measures might reduce the risk of prejudice." *Id.* at 205.

With regard to the adequacy of available relief, Defendant makes much of the administrator's status as a joint tortfeasor. She implies that this is dispositive of the Rule 19(b) inquiry. The United States Supreme Court has explicitly rejected this theory as a non sequitur. *Temple v. Synthes Corp.*, LTD., 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (holding that a party's status as a joint tortfeasor does not make them a necessary or indispensable party but simply a permissive party to an action against one of them),

Finally, Defendant argues that an adequate remedy exists in state court if this Court were to dismiss the case. While that may be true, on balance, the factors do not dictate that the Court find Ms. Stevens indispensable parties. As such, the failure to join her does not warrant dismissal.

The undersigned is not alone in this finding. In *Sun Healthcare Grp., Inc. v. Dowdy,* 2014 WL 790916 (W.D.Ky., 2014), Judge Russell ruled on a substantially similar Motion to Dismiss by the same Defendant's counsel and found that subject matter jurisdiction existed without the administrator defendants. Judge Russell was persuaded by the "well-reasoned analysis" in an 8th Circuit case and found: "… the makeup of the parties in the underlying

8

controversy is irrelevant for the determination of whether or not diversity jurisdiction exists. The

determinative inquiry is the makeup of the parties before this Court. The parties presently before

the Court, which does not include the administrators, are diverse. Therefore, this Court has

subject-matter jurisdiction on the basis of diversity." *Id.* at *4- *5.

Similarly, in *GGNSC Louisville Hillcreek, LLC v. Warner,* 2013 WL 6796421 (W.D.Ky.,

2013), Judge Heyburn found that subject matter jurisdiction existed even without the

administrator defendant. Judge Heyburn analyzed of Rule 19 factors, namely: "(1) the extent to

which a judgment rendered in [the administrator's] absence might prejudice [the administrator]

or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by

protective provisions in the judgment, shaping the relief, or other measures; (3) whether a

judgment rendered in [the administrator's] absence would be adequate; and (4) whether Golden

Gate would have an adequate remedy if the action were dismissed for non-joinder." Id. at *3.  He

concluded that the duplication of proceedings is not a disqualifying factor, the risk of prejudice to

Defendant was minimal, and an administrator's status as a joint-tortfeasor does not make them an

indispensable party. *Id.* at *3-*4.

In this District, in *Brookdale Senior Living, Inc. v. Stacy*, 2014 WL 2807524 (E.D.Ky.,

2014), Judge Caldwell analyzed Rule 19 and applied the Sixth Circuit's analysis in

*PaineWebber*, as well as other nursing home matters from the district to conclude that "a

nursing-home administrator is not an indispensable party when she is joined in the underlying

state court action." *Id.* at *6.

Judge Reeves' opinion in *Brookdale Senior Living, Inc. v. Caudill*, 2014 WL 3420783

(E.D.Ky., 2014) is consistent. "After balancing the factors of Rule 19(b) and considering the

9

Sixth Circuit's rejection of nearly-identical arguments, the Court finds that the state court administrators are not indispensable parties." *Id.*

Case law is clear from the District Courts of Kentucky, the Sixth Circuit and the Supreme Court that this court has proper subject matter jurisdiction and the parties before the court are properly diverse.

Nor does the Supreme Court's rationale in *Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009), tip the scales in Defendant's favor with regard to jurisdiction, or, more precisely, the lack thereof.  In *Vaden*, Discover Bank sued a credit card holder in state court to recover past-due charges. The credit card holder filed a counterclaim, also asserting state-law claims. Yet Discover Bank believed these claims were preempted by federal law, and filed an action in federal district court to compel arbitration of the counterclaims. The Supreme Court held that the district court lacked jurisdiction because the federal issue arose within the context of the state-court counterclaim, and federal courts cannot consider counterclaims when assessing federal question jurisdiction. Accordingly, the Supreme Court directed district courts to "look through" the arbitration action and determine whether federal question jurisdiction exists based on the underlying state-court suit. *Id.* at 62.

Defendant urges that the logic of Vaden applies with equal force in cases resting on diversity jurisdiction. She argues that the Court should "look through" the instant action and determine whether it would have jurisdiction over the state suit, which includes the non-diverse nursing home administrators.  However, this argument was explicitly rejected by Judge Caldwell in *Brookdale*.  She noted that the Supreme Court did not include diversity jurisdiction in its

10

holding, despite acknowledging that diversity jurisdiction exists as a separate method for bring a claim pursuant to the Federal Arbitration Act. *Brookdale*, 27 F.Supp.3d at 782.

Accordingly, this Court will decline to "look through" the present action to determine whether it would have diversity over the state-law suit.

Therefore, this Court finds the requirements of diversity jurisdiction have been met and this Court has proper subject matter jurisdiction over this case.

**B.    Abstention is not warranted.**

Defendant, alternatively, argues that even if this Court has subject matter jurisdiction, it should abstain from hearing the merits of the case on the basis that there is a parallel suit pending in state court. This district has unequivocally dismissed this argument. *GGNSC Vanceburg, LLC v. Hanley*, 2014 WL 1333204 (E.D.Ky. 2014). *See also, Brookdale Senior Living Inc. v. Stacy*, 27 F.Supp.3d 776 (E.D. Ky. 2014); *Sun Healthcare Group, Inc. v. Dowdy*, 2014 WL 790916 (W.D. Ky. 2014); and *GGNSC Louisville Hillcreek, LLC v. Warner*, 2013 WL 6796241 (W.D.Ky. 2013).

Even where federal courts properly have jurisdiction over the matter, a district court may abstain from exercising its jurisdiction and refrain from hearing a case in limited circumstances, *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 625 (6th Cir.2009). This exception is narrow because a district court presented with a case that arises under its original jurisdiction has a "virtually unflagging obligation" to exercise the jurisdiction conferred upon it by the coordinate branches of government and duly invoked by litigants. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Abstention is an "extraordinary and narrow exception to the duty of a district court to adjudicate a controversy

11

properly before it." *Id.* at 813.

Under *Colorado River*, the threshold issue is whether there are parallel proceedings in state court. Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 31 (6th Cir.1984). This is not in dispute. Once a court has determined there are parallel proceedings, the Supreme Court identified eight factors that a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of state court. *PaineWebber, Inc. v. Cohen*, 276 F.3d at 206. Those factors are: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Id.*

In this case, as in *Hanley* and the other cases cited herein, only the second and sixth factors favor abstention; the other factors favor federal jurisdiction. However, neither the fact that the state forum would be slightly more convenient to the parties, nor the existence of concurrent jurisdiction is an "exceptional" circumstance necessary to compel this Court to abandon the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817–18 .

Moreover,  "the balance [is to be] heavily weighted in favor of the exercise of jurisdiction.' *Moses H. Cone*, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ." Accordingly, abstention was not warranted.

**C.     Dismissal is not appropriate under Rule 12(b)(6).**

In seeking dismissal on a substantive basis, Defendant contends that the Arbitration Agreement is invalid because Lucien Reed lacked the capacity to execute it.  She argues that as Mr. Reed had grated her a power of attorney and medical power of attorney and that she signed all the other documents pertaining to Mr. Reed's admission to the facility, she was the only person with the capacity to sign the Arbitration Agreement.   In an Affidavit attached to her dispositve motion, Defendant states that Mr. Reed had been transferred to the facility by ambulance from Lexington, Kentucky later in the day. He had been in Lexington for about 10 days after having been in St. Claire Regional Medical Center in Morehead, Kentucky for about a week following a fall at his home. Lucien Reed was born on January 12, 1924 and was 88 years old at the time of admission. He was admitted with a diagnosis of malignant neoplasm of the liver and eventually this was the immediate cause of his death. She emphasizes that "[o]n admission he was an older man with advanced medical issues who had fallen in his home and spent almost two (2) weeks in hospitals and was being transferred to a nursing home because he could not care for himself." [Docket No. 6-4].

Defendant appears to suggest that that merely executing a simple power of attorney strips the principal of all right to ever act on his or her own behalf again.  Taken to its extreme, this argument would create a result in which a power of attorney could never be revoked unless the attorney-in-fact permitted the revocation.   This would belie the very nature of a power of attorney - it is a form of agency. *See generally, Moore v. Scott*, 759 S.W.2d 827 (Ky.App. 1988). Moreover, in order to nullify the Arbitration Agreement upon the grounds that Mr. Reed was too old and infirm to understand the ramifications of doing so, the Court finds that Defendant has not

13

introduced clear and convincing evidence in this regard.   As such, this argument has no merit and the Arbitration Agreement is valid and binding upon Defendant.

**D.      This Court may enjoin Defendant from proceeding in state court.**

Having found that Defendant must submit her claims to arbitration, the question turns to whether this Court should enjoin the her from pursuing her parallel action in state court. The Court finds that such an injunction is necessary, and the Defendant is enjoined from proceeding in Elliot Circuit Court. "Although the FAA requires courts to stay their own proceedings where the issues to be litigated are subject to an agreement to arbitrate, it does not specifically authorize federal courts to stay proceedings pending in state courts." *Great Earth Companies, Inv. v. Simmons*, 288 F.3d 878, 893 (6th Cir. 2002) (internal citations omitted). For this reason, "the District Court's authority to enjoin state-court proceedings is subject to the legal and equitable standards for injunctions generally, including the Anti Injunction Act." *Id.* Pursuant to the Anti–Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

An injunction in this case "properly falls within the exception for injunctions 'necessary to protect or effectuate [this Court's] judgments.' " *Great Earth*, 288 F.3d at 894. The Court has determined that the parties entered into a binding arbitration agreement covering the scope of Defendant's claims. Having made such a determination and compelling him to submit to arbitration, it is necessary to enjoin Defendant from pursing his claims in any alternative forum, including state court. Otherwise, she would be permitted to circumvent her arbitration agreement and in doing so, circumvent this Court's judgment that she be compelled to arbitrate his claims.

14

Accordingly, the Court will order that Defendant be enjoined from proceeding with her pending state-court action.

## IV.

A valid and binding arbitration agreement was executed by Lucien Reed. This matter must be referred to arbitration.

Accordingly, **IT IS HEREBY ORDERED**:

(1)     Defendant's Motion to Dismiss [Docket No. 6] be **OVERRULED**;

(2)      Plaintiffs' Motion to Compel Arbitration and to Enjoin Defendant [Docket No. 10] be **SUSTAINED**;

(3)     Defendant shall prosecute all of her claims arising out of Lucien Reed's residency at Elliot Nursing & Rehabilitation Center in accordance with the terms of the arbitration agreement signed by him; and

(4)     This matter is hereby **STAYED** pending any further proceedings to enforce any award of the arbitrator.

This ⁄7⁴ᵗʰ day of April, 2015.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**